*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KENNETH LEE HENDRICK,

Defendant-Appellant.

UNPUBLISHED
November 19, 2019

No. 344348
Saginaw Circuit Court
LC No. 01-019726-FC

Before: BORRELLO, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

This appeal stems from defendant's resentencing pursuant to *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), and *Montgomery v Louisiana*, ___ US ___; 136 S Ct 718; 193 L Ed 2d 599 (2016). For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Defendant was convicted in 2001 of first-degree felony murder, MCL 750.316(1)(b); armed robbery MCL 750.529; carjacking, MCL 750.529a; and two counts of carrying a dangerous weapon with unlawful intent, MCL 750.226. Defendant was approximately 17 years and one month old at the time of his crimes. He was originally sentenced to life imprisonment for first-degree felony murder, 285 to 500 months' imprisonment for armed robbery, 285 to 500 months' imprisonment for carjacking, and 38 to 60 months' imprisonment for each of the two convictions for carrying a dangerous weapon with unlawful intent, with all of the sentences to run concurrently.

Subsequently, the United States Supreme Court held in *Miller*, 567 US at 465, "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.' " The Supreme Court later held in *Montgomery*, ___ US at ___: 136 S Ct at 732, that "*Miller* announced a substantive rule that is retroactive in cases on collateral review."

The Michigan legislature has enacted MCL 769.25 and MCL 769.25a, which contain governing rules for carrying out *Miller* resentencing proceedings. Specifically, MCL 769.25a(2)

-1-

provides in pertinent part that in the event that *Miller* was determined by the United States Supreme Court to be retroactively applicable to all defendants who were under the age of 18 when they committed their crimes, then "the determination of whether a sentence of imprisonment for a violation set forth in section 25(2) of this chapter[1] shall be imprisonment for life without parole eligibility or a term of years as set forth in section 25(9) of this chapter shall be made by the sentencing judge or his or her successor as provided in this section." MCL 769.25a(4)(b) requires prosecuting attorneys to "file motions for resentencing in all cases in which the prosecuting attorney will be requesting the court to impose a sentence of imprisonment for life without the possibility of parole" for defendants entitled to be resentenced *Miller*. MCL 769.25a(4)(c) states that "[i]f the prosecuting attorney does not file a motion under subdivision (b), the court shall sentence the individual to a term of imprisonment for which the maximum term shall be 60 years and the minimum term shall be not less than 25 years or more than 40 years."

Defendant was resentenced pursuant to *Miller* on May 8, 2018. The prosecution had initially requested that the trial court impose a life-without-parole sentence on resentencing, but the prosecution withdrew this request before the resentencing hearing was held and sought a term-of-years sentence instead. On resentencing, the trial court sentenced defendant to 40 to 60 years' imprisonment for his first-degree felony murder conviction. Defendant was not resentenced for his other convictions, and all of his sentences remained concurrent with each other. Defendant now appeals his murder sentence imposed on resentencing.

## II.  STANDARD OF REVIEW

As with sentencing decisions generally, we review a trial court's *Miller* resentencing decision under MCL 769.25a for an abuse of discretion. See *People v Skinner*, 502 Mich 89, 131; 917 NW2d 292 (2018) ("[N]either *Miller* nor *Montgomery* requires this Court to deviate from its traditional abuse-of-discretion standard in reviewing a trial court's decision to impose life without parole. This Court reviews sentencing decisions for an abuse of discretion."); *People v Wines*, 323 Mich App 343, 352; 916 NW2d 855 (2018) ("We conclude that a failure to consider the distinctive attributes of youth, such as those discussed in *Miller*, when sentencing a minor to a term of years pursuant to MCL 769.25a so undermines a sentencing judge's exercise of his or her discretion as to constitute reversible error."). A trial court abuses its discretion if it "chooses an outcome falling outside [the] principled range of outcomes." *Skinner*, 502 Mich at 133 (quotation marks and citation omitted). To the extent that the trial court made any findings of facts, these findings are reviewed for clear error. *Id*. at 137 n 27. Questions of law are reviewed de novo. *Id*.

## III.  ANALYSIS

Defendant contends on appeal that the trial court abused its discretion in imposing a 40-year minimum sentence for defendant's murder conviction. Essentially, defendant argues that

---

[1] First-degree murder is one of the offenses listed in MCL 769.25(2).

the trial court failed to properly apply the *Miller* factors in determining the minimum sentence to impose.

As our Supreme Court explained in *Skinner*,

> [t]he following are the factors listed in *Miller*: (1) "his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences"; (2) "the family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional"; (3) "the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him"; (4) whether "he might have been charged [with] and convicted of a lesser offense if not for incompetencies associated with youth—for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys"; and (5) "the possibility of rehabilitation . . . ." [*Skinner*, 502 Mich at 114-115, quoting *Miller*, 567 US at 477-478 (ellipsis in original).]

In *Wines*, this Court held that when sentencing a minor convicted of first-degree murder where a life-without-parole sentence is not at issue, the sentencing court must balance the objectives set forth in *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972), and "take into account the attributes of youth, such as those described in *Miller*." *Wines*, 323 Mich App at 352. The *Wines* Court reasoned as follows:

> Further, consideration of these characteristics [of youth, such as those referenced in *Miller*] is in harmony with Michigan's long-established sentencing aims. The objectives generally relevant to sentencing were first articulated by the Michigan Supreme Court in *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972), and have been often reiterated by our courts. In *Snow*, the Court explained that in imposing sentence, the court should "balance" the following objectives: (1) reformation of the offender, (2) protection of society, (3) punishment of the offender, and (4) deterrence of others from committing like offenses. *Id.* The process of properly balancing these objectives in the case of a minor defendant necessitates consideration of the distinctive attributes of youth. For example, consideration of what the Supreme Court described as youth's "diminished culpability and greater prospects for reform," *Miller*, 567 US at 471, relates directly to *Snow*'s consideration of reformation and the protection of society. Similarly, the Supreme Court's reference to the "diminish[ed] . . . penological justifications for imposing the harshest sentences on juvenile offenders," *id.* at 472, correlates with *Snow*'s inclusion of punishment and deterrence as relevant factors in a sentencing determination. Taking the distinctive attributes of youth into account is consistent with both Michigan's long-stated sentencing objectives and the United States Supreme Court's judgment that "youth matters." *Id.* at 483. We conclude that a failure to consider the distinctive attributes of youth, such as those discussed in *Miller*, when sentencing a minor to a term of years pursuant to MCL 769.25a so undermines a

sentencing judge's exercise of his or her discretion as to constitute reversible error. [*Wines*, 323 Mich App at 351-352 (ellipsis and last alteration in original).]

In this case, contrary to defendant's arguments, the transcript of the resentencing hearing reflects that the trial court explicitly considered each of the *Miller* factors and *Snow* objectives in explaining its resentencing decision. While defendant's argument seems to imply that the trial court's emphasis on the seriousness of the offense was somehow improper, the circumstances of the offense constitutes a proper consideration under *Miller*, 567 US at 477. Moreover, although defendant argues that "all the crimes in the juvenile lifer cases are serious crimes," the circumstances of the murder in this case were particularly serious and gruesome: the victim was stabbed in the back and beaten so severely that his brain was exposed.

In maintaining that the trial court did not actually consider defendant's youth and immaturity, defendant simply argues that the trial court should have reached a different sentencing conclusion. However, it is evident from the record that the trial court actually did consider defendant's youth (and youth's characteristics) but concluded that these concerns did not weigh in favor of mitigation because defendant was relatively close to 18 years old and the evidence showed that defendant "lay in wait for the victim" before repeatedly assaulting the victim and chasing him as he fled. Such actions do not reflect "hallmark[s]" of youth like impetuousness and the failure to appreciate risks because they demonstrate planning and foresight rather than impulsive and thoughtless behavior. Additionally, defendant has not cited any authority for the proposition that considering a defendant's youth and its hallmark features must *necessarily* result in a lesser sentence; such a holding is not required by either *Miller* or *Wines*. Defendant also does not claim that he was in any way pressured or influenced to commit the murder of which he was convicted. Finally, to the extent that the remainder of defendant's arguments seem to suggest that the trial court improperly focused on certain factors or neglected to mention certain other facts that defendant deemed more important, defendant's mere disagreement with the trial court's conclusion is an insufficient basis for us to rule that the trial court abused its discretion. Regardless, our review of the record leads us to conclude that the trial court's sentence was not an abuse of discretion. Accordingly, there was no error and defendant is not entitled to relief.

Affirmed.

/s/ Stephen L. Borrello
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto